United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY DEAN, | No. C 13-0128 WHA (PR) |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| DR. MACK, | (Docket No. 15) |
| Defendant. | |

## INTRODUCTION

Plaintiff, a California prisoner at Salinas Valley State Prison, filed this pro se civil rights action under 42 U.S.C. 1983 complaining that defendant Dr. Mack did not provide adequate medical care for plaintiff's kidney stone in 2012. Defendant Dr. Richard Mack filed a motion to dismiss the case on the grounds that plaintiff has not exhausted his administrative remedies. Plaintiff has filed an opposition and defendants have filed a reply brief. Plaintiff then filed a sur-reply (dkt. 22). For the reasons discussed below, the motion to dismiss is **GRANTED**.

## ANALYSIS

### I.  STANDARD OF REVIEW

Nonexhaustion under § 1997e(a) is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 217-18 (2007). Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints.

*Id.* at 215-17.

A nonexhaustion issue should be raised in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the Court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. *Id.* at 1120.

**II.     ANALYSIS**

Defendants argue that plaintiff has failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a). Compliance with the exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001). The administrative remedies need not meet federal standards, nor need they be "plain, speedy and effective." *Porter*, 534 U.S. at 524.

California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *Id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). *Id.* at 1237-38.

Defendant has shown that plaintiff did not exhaust any administrative appeals about defendant's alleged failure to adequately treat plaintiff's kidney stones in 2012. Defendant has

submitted evidence, undisputed by plaintiff, that prison officials log and track all administrative appeals received from prisoners, and that prior to filing the instant action plaintiff did not file any administrative appeals about defendant's lack of medical care to the final (Director's) level of review (Zamora Decl. ¶¶ 3-5, Exh. A; Lozano Decl. ¶¶ 3-5, 7, Exh. A). Plaintiff argues that only federal habeas petitions must be exhausted and that there is no exhaustion requirement for cases brought under Section 1983. That is incorrect, as discussed above. *See* 42 U.S.C. 1997e(a). Plaintiff also argues that he filed an appeal to the Director's level on August 12, 2013. Assuming that is true, it does not satisfy the exhaustion requirement because an action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). In his sur-reply, plaintiff also argues that exhaustion should be excused because his administrative appeal "might not be heard" for a year (dkt. 22). Less than two months had passed when plaintiff prepared his sur-reply, and he presents no evidence that defendants' decision will take as long as a year. Exhaustion will not be excused based simply upon a speculative possibility of delay. Moreover, a dismissal for lack of exhaustion is without prejudice; if indeed plaintiff has properly presented his claims through the Director's level of review, as he claims, he may bring his claims in a new case.

## CONCLUSION

For the foregoing reason, defendants' motion to dismiss (docket number 15) is **GRANTED.** The case is dismissed without prejudice to plaintiff filing his claims in a new case after he has properly exhausted his available administrative remedies.

The clerk shall enter judgment for defendants and close the file.

**IT IS SO ORDERED.**

Dated: December 2, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3