1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY DEAN,

         Plaintiff,

v.

DR. MACK,

         Defendant.

_____/

No. C 13-0128 WHA (PR)

**ORDER GRANTING MOTION TO DISMISS**

(Docket No. 15)

**INTRODUCTION**

Plaintiff, a California prisoner at Salinas Valley State Prison, filed this pro se civil rights action under 42 U.S.C. 1983 complaining that defendant Dr. Mack did not provide adequate medical care for plaintiff's kidney stone in 2012. Defendant Dr. Richard Mack filed a motion to dismiss the case on the grounds that plaintiff has not exhausted his administrative remedies. Plaintiff has filed an opposition and defendants have filed a reply brief. Plaintiff then filed a sur-reply (dkt. 22). For the reasons discussed below, the motion to dismiss is **GRANTED**.

**ANALYSIS**

**I.**   **STANDARD OF REVIEW**

Nonexhaustion under § 1997e(a) is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 217-18 (2007). Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints.

1    *Id.* at 215-17.

2         A nonexhaustion issue should be raised in an unenumerated Rule 12(b) motion rather

3    than in a motion for summary judgment.  *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.

4    2003).  In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the Court

5    may look beyond the pleadings and decide disputed issues of fact.  *Id.* at 1119-20.  If the Court

6    concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is

7    dismissal without prejudice.  *Id.* at 1120.

8    **II.   ANALYSIS**

9         Defendants argue that plaintiff has failed to exhaust his administrative remedies.  The

10   Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect

11   to prison conditions under [42 U.S.C.  1983], or any other Federal law, by a prisoner confined

12   in any jail, prison, or other correctional facility until such administrative remedies as are

13   available are exhausted." 42 U.S.C. 1997e(a).  Compliance with the exhaustion requirement is

14   mandatory.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739-

15   40 & n.5 (2001).  The administrative remedies need not meet federal standards, nor need they

16   be "plain, speedy and effective."  *Porter*, 534 U.S. at 524.

17        California provides its inmates and parolees the right to appeal administratively "any

18   departmental decision, action, condition or policy perceived by those individuals as adversely

19   affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  In order to exhaust available

20   administrative remedies within this system, a prisoner must proceed through several levels of

21   appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3)

22   second level appeal to the institution head or designee, and (4) third level appeal to the Director

23   of the California Department of Corrections.  *Id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235,

24   1237 (S.D. Cal. 1997).  This satisfies the administrative remedies exhaustion requirement under

25   § 1997e(a).  *Id.* at 1237-38.

26        Defendant has shown that plaintiff did not exhaust any administrative appeals about

27   defendant's alleged failure to adequately treat plaintiff's kidney stones in 2012.  Defendant has

28
                                                    2

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1   submitted evidence, undisputed by plaintiff, that prison officials log and track all administrative

2   appeals received from prisoners, and that  prior to filing the instant action plaintiff did not file

3   any administrative appeals about defendant's lack of medical care to the final (Director's) level

4   of review (Zamora Decl. ¶¶ 3-5, Exh. A; Lozano Decl. ¶¶ 3-5, 7, Exh. A).  Plaintiff argues that

5   only federal habeas petitions must be exhausted and that there is no exhaustion requirement for

6   cases brought under Section 1983.  That is incorrect, as discussed above.  *See* 42 U.S.C.

7   1997e(a).  Plaintiff also argues that he filed an appeal to the Director's level on August 12,

8   2013.  Assuming that is true, it does not satisfy the exhaustion requirement because an action

9   must be dismissed unless the prisoner exhausted his available administrative remedies before he

10  or she filed suit, even if the prisoner fully exhausts while the suit is pending.  *McKinney v.*

11  *Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).  In his sur-reply, plaintiff also argues that

12  exhaustion should be excused because his administrative appeal "might not be heard" for a year

13  (dkt. 22).  Less than two months had passed when plaintiff prepared his sur-reply, and he

14  presents no evidence that defendants' decision will take as long as a year.  Exhaustion will not

15  be excused based simply upon a speculative possibility of delay.   Moreover, a dismissal for

16  lack of exhaustion is without prejudice; if indeed plaintiff has properly presented his claims

17  through the Director's level of review, as he claims, he may bring his claims in a new case.

**CONCLUSION**

18

19       For the foregoing reason, defendants' motion to dismiss (docket number 15) is

20  **GRANTED.**  The case is dismissed without prejudice to plaintiff filing his claims in a new case

21  after he has properly exhausted his available administrative remedies.

22       The clerk shall enter judgment for defendants and close the file.

23       **IT IS SO ORDERED.**

24

25  Dated: December __2__, 2013.

    _____
    WILLIAM ALSUP
    UNITED STATES DISTRICT JUDGE

26

27

28

3